UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LARRY B. DIETZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:11CV269 SNLJ |
| | ) | |
| STATE OF MISSOURI'S 21st | ) | |
| JUDICIAL CIRCUIT COURT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of Larry Dietz (registration no. 151621), an inmate at St. Louis County Justice Center, for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $18.33. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### **28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must

assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $91.67, and an average monthly balance of $23.78. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $18.33, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or

fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

**The Complaint**

Plaintiff brings this diversity action for defamation under Missouri law. Plaintiff, a prisoner, claims to be a resident of Arizona for legal purposes and is incarcerated in Missouri on an interstate detainer. Defendants are residents of Missouri.

Plaintiff has been charged with forcible sodomy in violation of Missouri Statute § 566.060. State v. Dietz, 09SL-CR03464-01 (21st Judicial Circuit, St. Louis County). Plaintiff alleges that defendant Shelle Bartram, a clerk for the 21st Judicial Circuit Court, defamed him when she posted on the Missouri Case.net docket sheet that plaintiff had been assigned to the sex offender case load. Plaintiff says that the statement was untrue and that it damaged his reputation in the prison system.

Plaintiff sues defendants Joan Gilmore and the 21st Judicial Circuit Court on the basis of respondeat superior.

## Discussion

Under Missouri law, communications during judicial proceedings are entitled to "complete immunity from being called to account for language used." Pulliam v. Bond, 406 S.W.2d 635, 640 (Mo. 1966). The alleged defamatory language in this action was made pursuant to the official business of the Circuit Court. As a result, defendants Bartram and Gilmore enjoy complete immunity from this lawsuit.

Suing the 21st Judicial Circuit Court is the equivalent of suing the State of Missouri. "The Eleventh Amendment can bar federal actions by private parties against a state unless it has waived its immunity or Congress has abrogated it in a valid exercise of power under the enforcement clause of the Fourteenth Amendment." In re Rose, 187 F.3d 926, 928 (8th Cir. 1999). The State of Missouri has not waived its immunity in this instance, nor has Congress abrogated its immunity. As a result, plaintiff's claims against the 21st Judicial Circuit Court are barred by the Eleventh Amendment.

For these reasons, the Court finds the complaint to be legally frivolous, and the Court will dismiss this action under 28 U.S.C. § 1915(e).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $18.33 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 11th day of March, 2011.

                                                   STEPHEN N. LIMBAUGH, JR.
                                                 UNITED STATES DISTRICT JUDGE